[Civ. No. 157.   Third Appellate District.—May 15, 1906.]

JOHN T. WOMBLE and ADELLA WOMBLE, Respondents,
v. I. R. WILBUR, Appellant; E. I. BRADDOCK and
STOCKTON SAVINGS BANK, Respondents.

ESCROW—PAYMENT IN INSTALLMENTS—PRIOR AGREEMENT FOR IN-
TEREST NOT MERGED BETWEEN ORIGINAL PARTIES.—Under a judg-
ment enforcing an escrow in favor of a *bona fide* purchaser from
the original grantee in the escrow deed, upon payment of install-
ments of purchase money without interest, and enforcing a prior
agreement for interest against the original purchaser, less rentals
owing from plaintiff to him, it cannot be held as matter of
law from the findings against him that the prior agreement for
interest was merged and superseded by the terms of the escrow,
where his answer alleged that the escrow agreement was entered
into in pursuance of the terms and conditions of the prior agree-
ment, and the findings show that after the transfer to the pur-
chaser he recognized the prior agreement as still in force with
respect to rentals and other matters.

ID.—COMPETENCY OF PARTIES TO AGREE TO ESCROW AND LEAVE TERMS
BETWEEN THEM.—It was competent for the parties to the first
agreement for purchase to agree to an escrow, making the deed
deliverable upon payment of the installments of principal, and
to leave the matter of interest, rentals, working of the mine and
other matters between them subject to the prior agreement.

ID.—SUFFICIENCY OF FINDINGS.—Where no direct issue was presented
that the escrow agreement was executed with intent to supersede
the first agreement as to the appellant, no finding was necessary
thereupon, and the finding as to the execution of both the agree-
ments by the appellant, and the giving effect to both, does not show
a conflict in the findings or a merger of the agreements.

APPEAL from a judgment of the Superior Court of San
Joaquin County.   W. B. Nutter, Judge.

The facts are stated in the opinion of the court.

S. D. Woods, for Appellant.

A. H. Carpenter, for Plaintiffs, Respondents.

Campbell, Metson & Campbell, for E. I. Braddock, Respondent.

A. L. Levinsky, for Stockton Savings Bank, Respondent.

CHIPMAN, P. J.—Upon the rehearing we discover nothing to justify a different conclusion from that heretofore reached.

For the reasons in our former opinion stated and also for the reasons set forth in the opinion in the same case, numbered 206, *post*, p. 535, the judgment is affirmed.

Buckles, J., and McLaughlin, J., concurred.

Case No. 206, above referred to, immediately follows the decision in this case, and the following is the former opinion heretofore rendered in this case, March 1, 1906:

CHIPMAN, P. J.—This is an action to annul a certain agreement of sale of certain mining land between plaintiff John T. Womble and defendant Wilbur; also to cause to be delivered up to said plaintiff and canceled a certain deed made by him to said Wilbur and alleged to have been placed in escrow with defendant bank under said agreement; also for a certain sum as rentals for the use of said land, and for attorneys' fees.

The court gave judgment: That the defendant bank deliver forthwith to defendant, Braddock, the deed in question, as assignee of defendant, Wilbur, and also the deed of Wilbur to Braddock; that plaintiffs recover judgment from defendant bank for the sum of $5,625.00, being the amount of the last payment due plaintiffs on account of said sale, which had been deposited to plaintiffs' credit by said Braddock; that plaintiffs recover from defendant Wilbur the sum of $2,151.00 as interest, less $300.00, rentals due him from plaintiffs; and that defendants, the bank and Braddock, recover their costs.

Defendant Wilbur appeals from the judgment on the judgment-roll alone.

It was alleged in the complaint that Womble and Wilbur entered into an agreement on May 24, 1900, by which the

former agreed to sell to the latter the land in question for the sum of $30,000.00, "payable in installments as follows: July 10, 1900, $1,875.00; January 10, 1901, $3,750.00; July 10, 1901, $3,750.00; January 10, 1902, $3,750.00; July 10, 1902, $3,750.00; January 10, 1903, $3,750.00; July 10, 1903, $3,-750.00; January 10, 1904, $5,625.00." It was further provided: "On the signing of this agreement, the party of the first part agrees to execute a good and sufficient deed of conveyance of the property . . . and deposit the same in escrow with some bank at the city of Stockton, California, with instructions to said bank to deliver said deed to the party of the second part upon payment by him of all the installments of the purchase money hereinbefore provided for, provided that any and all installments remaining unpaid on the tenth day of July, 1901, shall thereafter bear interest at the rate of six per cent per annum, said interest to be payable on the tenth day of July, each year; and provided further, that if any of the installments of the purchase money shall remain unpaid for sixty days after it shall become due, the said party of the first part shall have the right and privilege of withdrawing said deed from escrow, and terminating this agreement, in which event the party of the second part shall forfeit all payments that have been previously made. The installments of purchase money hereinbefore provided for shall be payable at the said bank with which said deed in escrow shall be deposited, to the order of the first party." The agreement gave to Wilbur the right to enter into possession of the property, sink shafts, run tunnels and to extract ore and retain the proceeds, Womble retaining the right to use the agricultural portion of the land, for which he was to pay as rental the sum of $150 per annum, payable in advance. The agreement ran to the heirs and assigns of the respective parties. It was alleged in the complaint that said Womble delivered to defendant bank his deed as provided in said agreement and "thereupon instructed said bank orally and in writing, to hold said deed in escrow until the fulfillment or forfeiture of said contract on the part of the said I. R. Wilbur and not to deliver said deed unless all the moneys were paid to plaintiffs at the time and in the manner specified in said contract"; and alleged the said bank had knowledge of the contents of said agreement and accepted the trust

3 Cal. App.—34

.

of holding said deed in escrow for the purposes in the complaint alleged. The court found that this agreement was entered into on the day of its date, but that the defendant bank knew nothing of its contents or existence and accepted the escrow under an agreement thereafter and on the same day entered into between Womble and Wilbur as set forth in the answers. This agreement is as follows:

"To the Stockton Savings Bank, Stockton, Cal.:

"There is herewith deposited by me with you a certain deed, of date October 18th, 1899, made by me to I. R. Wilbur of that certain land (Description). This deed is delivered to you in escrow, to be held by you subject to the following conditions: The said I. R. Wilbur is to pay into your bank, for me, the following sums of moneys at the following designated times, viz.: (same as in agreement first above set forth.) When all of such payments shall have been made in the sums and at the times specified, you will deliver the said deed to said I. R. Wilbur, or his assigns, or upon his written order. If the said payments be not made in the amounts and at the times specified and there shall be default in such payments to you for me, for the period of sixty days next after any of said dates, then and in that event such deed, on demand by me, shall be delivered by you to me.

"Witness my hand this 24th day of May, 1900.

"JOHN T. WOMBLE.

"I, the party grantee named in the deed this day deposited in escrow, hereby recognize the foregoing as a correct statement of the terms of the escrow.

"I. R. WILBUR.

"The foregoing trust is hereby accepted and the said deed specified in the foregoing instruction is accepted subject to the conditions above mentioned.

"STOCKTON SAVINGS BANK.

"By SIDNEY NEWELL, Cashier."

The court found that Womble thereafter delivered said deed to defendant bank "pursuant to the terms of said instrument in writing herein last mentioned"; that on September 7, 1901, Wilbur transferred to defendant, Braddock, by deed deposited with said bank all his interest in said real

property "arising under and by virtue of said instrument in writing and said deed so deposited in escrow . . . with the full knowledge, consent and acquiescence of the plaintiffs John T. Womble and Adella Womble," to the latter of whom John T. had, on December 3, 1900, assigned "a one-half part of the moneys coming to him under the agreement deposited with the defendant Stockton Savings Bank"; that Braddock "had no knowledge of any contract or agreement" other than the agreement of escrow deposited with defendant bank, and that the agreement first above mentioned was not recorded until December 8, 1902; that Wilbur first and Braddock after the transfer to him paid to defendant bank, as specified in said escrow agreement, all the sums falling due, and plaintiffs received the same "without objection, save and except the last one of $5,625.00, due on the tenth day of January, 1904"; that Braddock, on January 9, 1904, tendered to plaintiffs the amount last above stated, "which was the last payment to be made in accordance with the written instrument deposited" by Womble with defendant bank, and plaintiffs refused to accept the same, and thereupon Braddock deposited said sum with said bank to plaintiffs' credit, who refused to accept the money from the bank and demanded from said bank the delivery of said deed, which was refused by reason of said bank "being a party to the above-entitled action, which said action was then instituted but had not been tried." Finding XIII is that Wilbur has not paid "the interest reserved in said deed by the agreement hereinbefore mentioned, or any part thereof, and the whole thereof is unpaid," and it is further found therein that Womble "has paid unto said defendant, I. R. Wilbur, the rentals agreed to be paid in and by said agreement for the period of two years, and had made no other or further payment for or on account of said rentals." It is further found that John T. Womble and Adella, after the assignment to her, "at all times accepted all moneys paid" by Wilbur and Braddock, "and never demanded any interest of said defendant bank until the twenty-ninth day of October, 1903, at which time" plaintiff Womble demanded interest and also demanded delivery of his deed theretofore deposited by him. Finding XVI is that "the amount of the interest owing by the defendant, I. R. Wilbur, to the plaintiffs, as set forth in Finding XV (should refer to Finding

XIII apparently), amounts at this date to the sum of $2,151, from which should be deducted the sum of $300 that is owing from said plaintiff to said defendant, Wilbur, being for two years' rental of said premises, in accordance with the terms of the agreement," first above mentioned. The court found that there were no rentals due to plaintiffs and nothing as attorneys' fees in the action.

Appellant contends: 1. That the contract first entered into was superseded by the escrow agreement which omitted all mention of interest; 2. That by their conduct plaintiffs placed a construction upon these contracts, showing that they regarded the first contract superseded by the second; 3. That plaintiffs waived any claim of interest by acceptance of the principal without further demand; 4. That judgment for interest against Wilbur cannot be rendered because he was discharged from liability by reason of the assignment to Braddock with plaintiffs' consent.

It was stated at the argument that the same case is also now pending in the supreme court on the appeal of plaintiffs, in the case Sac. No. 1325, who are seeking the reversal of the judgment on grounds of which we are not advised and of which we cannot take notice.

Plaintiffs here contend that the points urged by appellant cannot be reviewed, in the absence of a statement or bill of exceptions, as they relate exclusively to questions of fact determined by the court under evidence adduced at the trial. Appellant replies by claiming that the findings themselves supply all the bill of exceptions required to justify his contention that the judgment imposing the payment of interest upon him is unsupported and unwarranted. His claim is that the facts found show "that the second agreement, *as matter of law,* was substituted for the first agreement, and Wilbur is not liable."

There are some facts found which doubtless were taken into account by the trial court as tending to support appellants' view of the case, for example, the receipt by plaintiffs of the installments without demanding interest; the omission of any mention of interest in the escrow agreement; the failure to notify the bank or Braddock of the first agreement. But these facts do not conclusively establish appellants' contention and

may have been satisfactorily rebutted at the trial. Wilbur
in his answer averred that the escrow agreement was entered
into "in pursuance of the terms and conditions of the said
agreement mentioned in said amended complaint," the first
agreement. It is true, he also alleges that the escrow agree-
ment "was in fulfillment of the terms and conditions of the
said agreement dated May 24th, 1900," the first agreement.
But this is not an allegation that the escrow agreement was a
substitution of the first agreement or was intended to super-
sede it, and no such or equivalent averment is found in any of
the answers; and to aver that it "was in fulfillment" of that
agreement is but a conclusion. There were several important
covenants in the first agreement not carried into the escrow
agreement, at least one of which must have been recognized by
Wilbur as in force, for the court found that he received the
annual rentals from plaintiffs for two years, one of which was
subsequent to the transfer to Braddock, for the use of the
agricultural lands, as provided in the first agreement, and the
court allowed him credit for the unpaid portion of these
rentals. That he did not claim any such credit in his answer
does not change the fact that he received rentals under that
agreement and, under the pleadings, the court properly gave
the credit for the unpaid rentals. It was entirely competent
for the parties to agree that the deed might be delivered on
payment of the installments of the principal, leaving the
matter of interest between the parties, under the first agree-
ment, as was left the matter of rentals, the right to work the
mine and other matters. An examination of the first agree-
ment will show that the instructions to be given the bank.
were to provide for payment "of the installments of purchase
money hereinbefore provided for," and it was by a subsequent
and independent clause that interest was provided for after
certain installments had been paid and upon future install-
ments. It will thus appear also that the right to withdraw the
deed left in escrow was to accrue "if any of the installments
of the purchase money shall remain unpaid for sixty days
after it shall become due." It would seem that the escrow
was in all respects, as averred by Wilbur, "in pursuance of
the terms and conditions of the said agreement mentioned in
said amended complaint"; it embodied substantially every-

thing which the first agreement contemplated should go into the escrow, leaving other covenants to stand as set forth in that first agreement.

We cannot agree with appellant that, as a matter of law, the facts found show a substitution of the escrow for the first agreement. The findings recite that "evidence both oral and documentary, upon the issues found by the said pleadings, was introduced by the respective parties." What this evidence was we do not know, nor to what extent it justified the findings. We must presume that there was evidence tending to show that both plaintiffs and Wilbur recognized that the first agreement was in force, for Wilbur received $300, being two years' rental for the agricultural land occupied by plaintiffs. Plaintiffs were not called upon to demand nor had they the right to demand interest when receiving installments at the bank; they had not provided by the escrow agreement that interest should be paid at the bank. The interest was payable annually, after July 10, 1901, while the installments were payable semi-annually, from July 10, 1900, and the first agreement did not provide that the escrow agreement was to provide for payment of interest. There was nothing unusual or remarkable in the fact that the deed was to be delivered upon payment of the installments of the purchase price, leaving other matters to be settled according to the first agreement. The escrow agreement was independent of and separate from the first agreement, involved different parties and was for a distinct purpose stated in it. There being no direct issue that it was executed with intent to supersede the first agreement, no finding was necessary on such issue, and we do not think, in finding the execution of both agreements and in giving effect to both that the court made conflicting findings; nor do we think that in finding the execution of the escrow agreement it follows, as matter of law, that the first agreement was superseded by the escrow.

The judgment appears to us to be a just and correct determination as based on the findings and is therefore affirmed.

Buckles, J, and McLaughlin, J., concurred.